AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
для the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Dylan Dominique POLK<br><br>*Defendant(s)* | )<br>)<br>) Case No. 2:22-mj-656<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 3, 2022__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Knowingly Possess a Firearm by a Convicted Felon |
| 18 USC 922(o) | Illegal Possession of a Machinegun |
| 21 USC 841(a)(1) | Possessing with the intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

SEE ATTACHED

☑ Continued on the attached sheet.

*Complainant's signature*

Jeffrey Kasza ATF TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 3, 2022

City and state: Columbus Ohio

Kimberly A. Jolson
United States Magistrate Judge

AO 91 (Rev. 11/11) Criminal Complaint

## ATTACHMENT A

I, Jeffrey Kasza, being duly sworn, depose and state that:

1. I have been an Officer with the Columbus Division of Police (CPD) since 2004. I have been assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) since 2021. As a result of my training and experience, I am familiar with state and federal laws pertaining to firearms and narcotics violations, among other offenses.

2. This affidavit is being submitted in support of an application for a criminal complaint against Dylan Dominique POLK (hereinafter referred to as POLK) for, Possession of a Firearm and/or Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a), Illegal Possession of a Machine Gun in violation of 18 USC §§ 922(o) and Possessing with the intent to Distribute a Controlled Substance in violation of 21 USC §§ 841(a)(1).

3. The facts set forth within this affidavit come from the Affiant's own personal involvement with the investigation, as well as information provided by other law enforcement officers and reports. The information outlined below does not contain all details or all facts of which I am aware relating to this investigation but rather is provided for the limited purpose of establishing probable cause that POLK committed this offense.

4. In January 2022, ATF received information that Dylan POLK, a previously convicted felon, had been identified by a reliable source of information as a large-scale narcotics trafficker operating in the Columbus, Ohio area.

5. Furthermore, investigators are aware that POLK had been previously identified by an ATF source of information in 2021. This source of information also reported that POLK, aka "Dunk", was a large-scale narcotics trafficker. The source of information also added that POLK was known to possess a Glock firearm with an accessory that made it capable of functioning as a fully automatic firearm, commonly referred to as a "Glock Converter Switch" or "Glock Auto Sear." Investigators are aware that, even though widely available for purchase, said devices have been classified as a "machine gun" under the National Firearms Act (NFA) and are illegal to possess pursuant to Title 18 U.S.C. §922(o).

6. Additionally, investigators have been notified by the Adult Parole Authority (APA) that POLK is an active Parolee who resides 6183 Winnebago St, Grove City, Ohio 43123 and actively utilizes telephone number (614) 508-3635 to communicate with his Parole Officer.

7. On December 14, 2021, Franklin County Municipal Court Judge Michael King granted a search warrant for 1890 South 4th Street Columbus, Ohio 43207 (hereinafter 1890 South 4th Street). On December 15, 2021, at approximately 9:02 a.m., Columbus Police Department IN/TAC made entry into 1890 South 4th Street.

8. A search of 1890 South 4th Street operated by Christina Brown revealed the following: suspected crack cocaine, suspected fentanyl, approximately four thousand six hundred and fifty-four dollars ($4,654.00) in U.S. currency, a stolen dirt bike, two (2) firearms, and ammunition.

9. On December 15, 2021, Central Ohio Human Trafficking Task Force (COHTTF) investigator interviewed a cooperating defendant (CD1) out of the search warrant executed at 1890 S. 4th St. The following is a summary of his/her statements.

- CD1 is familiar with Christina Brown. CD1 stated "Dunk" was Christina's boyfriend but he/she hasn't ever met him.

- CD1 stated they sell drugs out of this house, primarily fentanyl.
- CD1 stated that there were two guns in the house that he/she knew of. CD1 stated one person threw the gun as they were trying to run out of the back door. CD1 stated the other gun was in the couch.

10. CD2 out of the same search warrant stated he/she has been staying at 1890 South 4th Street for a week.
    - CD2 stated Christina Brown is selling narcotics out of 1890 South 4th Street.
    - CD2 stated "Dunk" is providing narcotics to 1890 South 4th Street.
    - CD2 stated "Dunk" is Brown's boyfriend.

11. On or about January 12, 2022, investigators conducted an interview of a known reliable confidential source (CS) who stated he/she had information about an armed narcotics trafficker.

12. The CS stated that he/she had information about a violent firearms and narcotics trafficker whose name was Dylan POLK. The CS stated that POLK is operating his illegal firearm and narcotics operation out of the Strawberry Farms neighborhood of Columbus Ohio.

13. POLK is further identified as follows:

    Dylan D. POLK
    Black Male

14. The CS stated that POLK goes by the street name of "DUNK".

15. The CS stated that a male named David MARCUM sells narcotics for POLK and has just sold POLK a firearm for $600 a few weeks prior.

16. MARCUM is further identified as follows:

    David J. MARCUM
    White Male

17. The CS stated that POLK has made statements that he is looking to purchase and sell firearms.

18. The CS stated that POLK sells cocaine, heroin, fentanyl and meth (methamphetamine). The CS stated that he/she had witnessed POLK open a brick (slang term commonly used to refer to a kilogram of narcotics) of fentanyl and cut the fentanyl right off the brick for sale. The CS stated that POLK is a high-end narcotics dealer who supplies mid-level drug dealers' large amounts of narcotics.

19. The CS stated he/she was inside POLK's residence located in the Strawberry Farms area of Columbus. The CS stated he/she has seen POLK with numerous bricks of fentanyl and heroin. The CS stated that he/she has witnessed POLK with large amounts of U.S. Currency. The CS stated that POLK had made statements that he had $500,000 of U.S. Currency in the closet of his home.

20. The CS stated that POLK made a statement that he recently robbed a Mexican cartel member and stole $250,000 of U.S. Currency from the Mexican cartel member. The CS stated that POLK made a comment

that with the $250,000 he just had stolen from the Mexican cartel, he now has over one million dollars of U.S. Currency in his possession.

21. The CS stated that POLK had made statements that he gets his narcotics supply directly from the Mexican cartel.

22. The CS stated that POLK frequently spoke about owning firearms and made statements that he was always looking to purchase firearms for cash.

23. The CS stated that he/she has used POLK'S personal phone numbers to text POLK about narcotics sales and POLK had in the past sent the CS pictures of large amounts of packaged narcotics.

24. The CS stated that POLK also used Facebook to operate his narcotics operation and has sent narcotic information using the Facebook messenger application.

25. On February 14, 2022, investigators conducted an interview of a Confidential Source (CS2) who stated he/she had information about an armed narcotics trafficker named POLK.

26. CS2 stated that POLK is a large-scale narcotics trafficker who operates his illegal narcotics operation in the Columbus, Ohio area.

27. CS2 stated that POLK is selling and supplying numerous midlevel narcotics dealers in all different areas of Columbus.

28. CS2 stated that POLK moves/sells multiple kilos of fentanyl a month.

29. CS2 stated that POLK also sells cocaine and stated that he also has a connection to purchase meth.

30. CS2 stated that POLK has made statements that he is paying the rent on four different apartments. CS2 stated that he/she has been to the apartment that POLK stated he lives at.

31. Your affiant, investigators drove CS2 and had CS2 point out POLK's home address. CS2 directed your affiant to the Bradford Apartments. CS2 described and then pointed out 4206 SORREN COURT, Columbus, Ohio 43230 as POLK's home address.

32. CS2 stated that he/she had been to 4206 SORREN COURT approximately 12 times to purchase fentanyl. CS2 stated that POLK was at the address each time and was the one who supplied CS2 with narcotics out of that location. CS2 stated that POLK made statements that he lived and slept at 4206 SORREN COURT. CS2 stated that POLK lived with a female and a young child.

33. CS2 stated POLK showed him/her 16 wrapped kilos of fentanyl inside of 4206 SORREN COURT. CS2 stated that POLK had a narcotics press inside of 4206 SORREN COURT that he would use to package smaller amounts of narcotics for sale off of the wrapped kilos of fentanyl.

34. CS2 stated that he/she had witnessed POLK with three Glock handguns that were modified to fire fully automatic inside of 4206 SORREN COURT. CS2 stated that POLK always carried a fully automatic Glock every time CS2 saw him.

35. CS2 stated that POLK showed him/her two very expensive watches that POLK stated he paid over 70k for each of the two watches.

36. CS2 stated that POLK bragged about recently purchasing two Dodge Hellcat vehicles for an investment with proceeds made from his narcotics sales.

37. CS2 stated that he/she witnessed POLK with stacks of U.S. Currency inside of 4206 SORREN COURT. CS2 stated that POLK bragged about storing $500K of U.S. Currency in the closet of this location.

38. CS2 stated that POLK bragged about robbing a Mexican Drug Dealer for a large amount of narcotics.

39. CS2 stated that POLK made comments about owning an AR-15 style rifle.

40. On August 25, 2022, investigators met with CS 3 relating to Dylan POLK, aka "Dunk."

41. CS3 reported that POLK is a large-scale fentanyl trafficker operating in the Columbus, Ohio area. CS3 stated POLK is known to supply narcotics to many well-known drug traffickers in Columbus, to include an individual identified as Gage BROWN.

42. It should be noted that investigators are aware that on or about August 17, 2022, the Columbus Police Community Response Team (CRT) 2 executed a state search warrant at 393 E 20th Avenue, a residence controlled and occupied by Gage BROWN. It is reported that approximately 21 firearms and approximately 300 grams of heroin were seized from the home.

43. CS3 notified investigators POLK is active on social media and utilizes the Instagram account found at Uniform Resource Locator (URL) https://www.instagram.com/dunkalmighty/. CS3 reported POLK has contacted CS3 via Instagram messenger as recently as July 2022. Additionally, CS3 notified investigators POLK provided his telephone number (614-508-3635) to CS 3 in order to communicate via cellular device.

44. On August 25, 2022, your affiant conducted surveillance of 4206 SORREN COURT, Columbus, Ohio, a residence believed to be occupied by Dylan POLK. The following was observed:

45. At approximately 1:20 pm, POLK exited the above-listed residence and walk out onto the patio area on the above-listed apartment.

46. At approximately 1:22 pm, POLK walked back inside of the above-listed residence.

47. At approximately 1:23 pm, POLK exited the above-listed residence and walk out to the patio area of the apartment. POLK then took a seat on a chair that was on the patio.

48. At approximately 2:19 pm, a 2015 gray Honda Civic, Ohio license plate JND4337, pulled into the apartment complex and park. An unknown black male exit the passenger's front door of the gray Honda Civic and walked in the direction where POLK was sitting. Your affiant could see that the unknown male was carrying a white package in his right hand.

49. The unknown male met up with POLK and POLK and the unknown male walked into the above-listed residence. The unknown male carried the white package into the apartment.

50. At approximately 2:24 pm, POLK and the unknown male exited the above-listed residence. Your affiant could see that the unknown male was not carrying the white package when he exited the apartment with POLK.

51. POLK then sat back on the patio of the apartment and the unknown male walked back to the gray Honda, entered the front passenger door of the Honda and the vehicle left the area. Your affiant could not see who was driving the Honda.

52. At approximately 2:30 pm, POLK entered the above-listed residence, and your affiant terminated surveillance.

53. On September 19, 2022, at approximately 12:45 pm, investigators responded to the area of 6183 WINNEBAGO ST and initiated surveillance relative to this investigation. Parked in the driveway of the above listed location was a Dark Gray Dodge Durango RT with an Ohio Temporary Tag, P532652.

54. At approximately 1:00 pm, investigators witnessed a white female exit 6183 WINNEBAGO ST with a young child. The female opened the rear passenger door to the Dodge Durango and placed the young child into the rear passenger's seat of the Dodge.

55. Investigators witnessed POLK exit 6183 WINNEBAGO ST right after the female white. POLK walked and stood next to the vehicle.

56. Investigators witnessed POLK open the front passenger's door of the Dodge Durango and get into the vehicle. POLK appeared to take an unknown item from his front pants waist area and place the unknown item underneath the front passenger's seat of the Dodge Durango.

57. Investigators witnessed the white female shut the rear passenger's door and get into the front driver's seat of the Dodge Durango. POLK shut the front passenger's door and remained in the vehicle. The female backed the Dodge Durango out of the driveway and drove southbound on Winnebago St.

58. Investigators followed the vehicle to The Bradford At Easton Apartments where the vehicle parked directly in front of 4206 SORREN COURT.

59. At approximately 1:45 pm, investigators witnessed POLK exit the front passenger's side of the Dodge Durango. Investigators witnessed POLK walk to and enter 4206 SORREN COURT. After POLK entered 4206 SORREN COURT the female drove out of the area in the Dodge Durango.

60. On September 21, 2022, your affiant spoke to a resident that lives in the area of 6183 WINNEBAGO ST. The resident stated that they believe suspicious activity is being conducted out of 6183 WINNEBAGO ST. The resident stated that a few weeks ago, two black males, one white female and numerous children moved into the above-listed address. The resident stated that he/she had never seen a moving truck bring any furniture to the above-listed address.

61. The resident stated that he/she had witnessed two new looking Chevrolet Camaros show up at the above-listed residence every few days. The Chevrolet Camaros only stay a few minutes each, and then leave. The resident stated he/she believes this activity is suspicious. Your affiant knows through his training and experience that the activity described by the resident is consistent with a location that is selling narcotics.

62. Your affiant showed the resident a picture of POLK and the resident identified POLK as one of the male's that moved into 6183 WINNEBAGO ST. The resident stated that POLK drives the Dodge Durango that was seen parked in the driveway. Your affiant identified the Dodge Durango to be the vehicle with the Ohio Temporary tag P532652.

63. The resident stated that they believe POLK is sleeping at the about listed location and stated that there are numerous children in and out of the home.
64. On September 27, 2022, your affiant presented United States Magistrate Judge Chelsey M. Vascura with a federal search warrant for the address of 4206 SORREN COURT. On September 28, 2022, United States Magistrate Judge Chelsey M. Vascura found probable cause and signed the search warrant that was presented by your affiant.

65. On October 3, 2022, at approximately 8:00 am, investigators conducted a briefing concerning the execution of the above-listed search warrant.

### SEARCH WARRANT EXECUTION:

66. On October 3, 2022, at approximately 10:00 am, ATF TFOs, ATF SAs and CPD Officers executed the federal search warrant at 4206 SORREN COURT, Case number 2:22-mj-645. A copy of the federal search warrant is attached as Attachment C.

67. ATF SAs approached 4206 SORREN COURT and knocked and announced their presence multiple times. Eventually, SA's were met at the front door by Dylan POLK who was removed from the home and temporally detained. Investigators noticed that POLK's hands were wet and had soap suds on them.

68. Once the location was deemed clear and no other occupants were located, investigators took photographs of the residence, showing an accurate depiction of the location prior to the search.

69. Investigators noticed that there was dripped water on the floor when they entered the apartment. Investigators located what appeared to be a narcotics kilo wrapper with white residue that was in the bathroom toilet. Investigators also located two bags of white powder, a large block package that contained white powder on the kitchen counter, and a narcotic's press on the floor in the kitchen in close proximity to the large block of white powder. Investigators believe the white powder found in apartment is consistent with illegal narcotics.

70. Investigators found two pistols concealed underneath the living room couch and one of the pistols was a Glock firearm equipped with a Glock Conversion Device attached to the pistol, which converts a semi-automatic Glock-type pistol into a fully automatic machinegun as defined in 26 U.S.C. § 5845(b). Investigators also found an AR Style rifle, and two more pistols in the closet that is attached to the living room.

71. An ATF agent with experience in determining the interstate nexus of firearms has concluded that the firearms were not made in the state of Ohio and therefore has traveled across state lines, creating an interstate-commerce nexus.

72. POLK was prohibited from possession of a firearm based upon having been previously convicted of the following crime punishable by a term of imprisonment exceeding one year:

    a. 15 CR 002768, Trafficking in drugs, 2925.03 Ohio Revised Code (ORC), Court of Common Pleas, Franklin County, Ohio a felony of the first degree.

73. Records from case 15 CR 002768 in the Court of Common Pleas, Franklin County, Ohio show that on or about August 18, 2016, POLK was sentenced to five (5) years of incarceration to be served at the Ohio Department of Rehabilitation and Corrections.

74. Because POLK was incarcerated over a year for one or more of these convictions, he was aware that one or more of the offenses for which he was convicted was punishable by a prison term exceeding one year.

75. Based upon the aforementioned information and events, and your affiant's training and experience in dealing with federal firearms violations, your affiant believes that probable cause exists to believe that

on or around October 3, 2022, Dylan Dominique POLK, knowing he was a previously convicted felon, did knowingly possess a firearm which was not manufactured in the State of Ohio and therefore travelled in and/or affected interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1), Illegal Possessed a Machine Gun in violation of 18 USC §§ 922(o) and Possessed with the intent to Distribute a Controlled Substance in violation of 21 USC §§ 841(a)(1).

_____
Jeff Kasza, ATF Task Force Officer

Sworn to before me and signed in my presence.

October 3, 2022

_____
Date

_____
Kimberly A. Jolson
United States Magistrate Judge